## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WILDEARTH GUARDIANS,**
516 Alto Street
Santa Fe, NM 87501

      Plaintiff,

      vs.

**UNITED STATES BUREAU OF LAND MANAGEMENT,**
1849 C Street NW
Washington, DC 20240

      Defendant.

Case No. 1:17-cv-01849

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.     Defendant United States Bureau of Land Management ("BLM") has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by failing to provide a determination on Plaintiff WildEarth Guardians' FOIA requests within the time limits established in FOIA. This lawsuit requests an order that (1) declares that BLM has violated FOIA by failing to produce records responsive to WildEarth Guardians' requests, (2) enjoins BLM to provide a determination on WildEarth Guardians' FOIA requests immediately, and (3) enjoins BLM to provide WildEarth Guardians with the requested information by a date certain.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

2.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this is a civil action arising under FOIA, a federal statute.

3.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 703, and 28 U.S.C. § 1391.

4.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

5.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. WildEarth Guardians has offices in Arizona, Colorado, Montana, New Mexico, Oregon, and Washington, and has more than 184,000 members and supporters. Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records Guardians requested under FOIA and now seeks in this action were requested in support of these efforts.

7.      Guardians submitted two FOIA requests for records related to the United States Bureau of Land Management's decision to conduct oil and gas leasing sales online. The first FOIA request was filed August 30, 2016, with a supplement filed August 31, 2016. BLM did not, and still has not, produced all responsive records that Guardians requested. Guardians filed a second FOIA request June 19, 2017, seeking records relating to BLM's decision to conduct oil and gas leasing sales online that were produced after the search cutoff date for the initial FOIA request. BLM has not produced responsive records to the second FOIA request. BLM's failure to make a determination on the two FOIA requests and provide responsive documents in a timely manner harms Guardians and its members by denying them records and information that would enable them to better understand, scrutinize, and inform their members, supporters, and the general public how BLM manages the leasing of oil and gas on federal public lands.

8.      Defendant UNITED STATES BUREAU OF LAND MANAGEMENT is a federal agency within the United States Department of the Interior. It is in possession and control of the records that Guardians seeks, and is therefore subject to FOIA pursuant to 5 U.S.C. § 552(f).

COMPLAINT                                    2

## STATEMENT OF FACTS

**9.** On August 30, 2016, Guardians submitted a Freedom of Information Act request via email to BLM. The request sought all records related "in any way" to BLM's decision to hold onshore oil and gas leasing sales online. It specifically identified seven categories of records, including records related to BLM's "phase-in" of online leasing sales, the "EnergyNet" system used for online leasing sales, and online leasing sales in particular BLM State Offices.

**10.** On August 31, 2016, a final rule was published in the Federal Register regarding BLM online oil and gas leasing sales. 81 Fed. Reg. 59,902 (Aug. 31, 2016). Also on August 31, 2016, Guardians filed a supplemental request to its August 30, 2016 FOIA request. Guardians sent the supplement to BLM via email. In the supplement, Guardians requested records related to the August 31, 2016 final rule.

**11.** On September 21, 2016, Guardians received confirmation from BLM that the agency had received (1) the August 30, 2016 FOIA request, and (2) the August 31, 2016 supplement to the August 30, 2016 request. In the confirmation letter, BLM stated that the FOIA request fell into the "complex track" for processing and would be processed in "twenty-one to sixty workdays." BLM assigned the request control number 2016-00975.

**12.** BLM was required to determine "whether to comply" with Guardians' FOIA request within 20 working days of receiving the request. BLM was required to determine "whether to comply" with Guardians' FOIA request by September 29, 2016.

**13.** On November 15, 2016, Guardians filed a FOIA appeal with the United States Department of the Interior ("DOI"). In the appeal, Guardians stated that BLM failed to provide a determination on Guardians' FOIA request within the 20-working day deadline.

**14.** On January 10, 2017, DOI responded to Guardians' FOIA appeal. The appeal decision

COMPLAINT 3

directed BLM to (1) make a determination on whether it will comply with Guardians' FOIA request as soon as possible; (2) advise Guardians in writing whether it will need to stagger the release of non-exempt records by January 31, 2017; and (3) should a staggered release be necessary, to (a) enclose the first installment of records with the letter it sends to Guardians by January 31, 2017; and (b) include an anticipated release schedule for the remaining records in that letter.

15.     On January 31, 2017, BLM sent a letter to Guardians in response to the August 30, 2016 FOIA request. The January 31, 2017 letter stated that the FOIA request was received August 30, 2016. The January 31, 2017 letter did not mention the August 31, 2016 supplement to the FOIA request. Along with the January 31, 2017 letter, BLM provided an initial installment of responsive records. The January 31, 2017 letter from BLM stated that the agency would release additional records on a rolling basis "at the end of every month for the next two months" due to the voluminous nature of the request. Specifically, the January 31, 2017 letter stated that BLM would provide additional records on February 28, 2017 and March 31, 2017.

16.     On March 24, 2017, Guardians emailed BLM to inquire when the agency would provide a full response to the FOIA request. In the email, Guardians noted that it had not received any responsive records after the initial installment provided January 31, 2017. BLM did not respond to the March 24, 2017 inquiry from Guardians. BLM has not provided any responsive records to Guardians since the initial January 31, 2017 partial disclosure of documents.

17.     On June 19, 2017, Guardians submitted a second FOIA request to BLM via email. The June 19, 2017 FOIA request requested all records relating to BLM's decision to hold onshore oil and gas leasing sales online. The June 19, 2017 request specifically stated that Guardians was not requesting records that were responsive to the original August 2016 FOIA request (BLM-2016-

00975). The purpose of the second request was to request records relating to online oil and gas leasing sales that were produced after the search cutoff date for the original FOIA request.

18.     On August 2, 2017, Guardians emailed BLM to inquire whether the agency had received the June 19, 2017 FOIA request and whether it had been assigned a FOIA control number.

19.     On August 24, 2017, BLM responded to Guardians' email and confirmed that the June 19, 2017 FOIA request "was received and is currently being processed." The August 24, 2017 email stated that BLM would provide an acknowledgment letter to Guardians soon. The August 24, 2017 email also requested clarifying information from Guardians on the FOIA request. Specifically, BLM's August 24, 2017 email asked whether Guardians was requesting records within a specific date range.

20.     Guardians responded to BLM's August 24, 2017 email on August 24, 2017. Guardians' August 24, 2017 email response explained that the June 19, 2017 FOIA request "is seeking any and all responsive records that were obtained and/or produced subsequent to the search cutoff date for FOIA NO. 2016-00975." BLM responded by email on August 24, 2017, stating: "I'm assuming that the dates would start where 2016-00975 ended, so from October 1, 2017 [sic] - the present. Would that work?" Guardians responded by email on August 24, 2017, stating: "I believe so, but just want to make sure that Oct. 1, 2016 date (presuming you meant 2016) reflects the search cutoff date [for BLM-2016-00975]." In its August 24, 2017 email, Guardians went on to explain that it did not know the search cutoff date for BLM-2016-00975 and thus could not verify a specific date. Guardians explained that the June 19, 2017 request is "directed toward records that would not otherwise be provided under 2016-00975 due to timing issues." BLM responded by email on August 24, 2017 to thank Guardians for the clarification. BLM asked no further questions.

21.     BLM was required to determine "whether to comply" with Guardians' second FOIA request no later than July 18, 2017. July 18, 2017 is 20 working days after June 19, 2017.

22.     BLM has not provided a determination on the August 30, 2016 (as supplemented on August 31, 2016) FOIA request. BLM has not provided a determination on the June 19, 2017 FOIA request.

23.     BLM has not provided a formal acknowledgement or a FOIA control number for the June 19, 2017 FOIA request. BLM has not provided any responsive records to Guardians' June 19, 2017 FOIA request.

24.     Over a year has passed since Guardians submitted its initial FOIA request, BLM-2016-00975, on August 30, 2016, and a supplement to that request on August 31, 2016. BLM still has not provided a full set of responsive records to this request.

25.     Guardians has fully exhausted all administrative remedies required under FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

**FIRST CLAIM FOR RELIEF**

**COUNT I**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

26.     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

27.     Guardians has a statutory right to have BLM process FOIA request No. BLM-2016-00975 in compliance with FOIA.

28.     Guardians' rights were violated when BLM unlawfully failed to make a determination on FOIA request No. BLM-2016-00975 within the 20 working day deadline established under FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

COMPLAINT                                              6

**29.**     Based on the nature of Guardians' organizational activities, Guardians will undoubtedly continue to rely on FOIA to request information from BLM in the foreseeable future.

**30.**     Guardians' organizational activities will be adversely affected if BLM is allowed to continue violating the response deadlines established under FOIA, as it has with respect to FOIA request No. BLM-2016-00975.

**31.**     If BLM is not enjoined and made subject to a declaration of Guardians' legal rights by this Court, BLM will continue violating Guardians' statutory right to receive responsive records from BLM under FOIA.

**32.**     Guardians is entitled to reasonable litigation costs, including attorneys' fees and costs pursuant to FOIA, for these violations. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

**33.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**34.**     Guardians has a statutory right to have BLM process the FOIA request Guardians submitted June 19, 2017, in compliance with FOIA.

**35.**     Guardians' rights were violated when BLM unlawfully failed to make a determination on the FOIA request Guardians submitted June 19, 2017, within the 20 working day deadline established under FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**36.**     Based on the nature of Guardians' organizational activities, Guardians will undoubtedly continue to rely on FOIA to request information from BLM in the foreseeable future.

COMPLAINT                                                    7

**37.**      Guardians' organizational activities will be adversely affected if BLM is allowed to

continue violating the response deadlines established under FOIA, as it has with respect to the

FOIA request Guardians submitted June 19, 2017.

**38.**      If BLM is not enjoined and made subject to a declaration of Guardians' legal rights by

this Court, BLM will continue violating Guardians' statutory right to receive responsive records

from BLM under FOIA.

**39.**      Guardians is entitled to reasonable litigation costs, including attorneys' fees and costs

pursuant to FOIA, for these violations. 5 U.S.C. § 552(a)(4)(E).

**SECOND CLAIM FOR RELIEF**

**COUNT I**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**UNLAWFUL WITHHOLDING**

**40.**      The allegations made in all preceding paragraphs are re-alleged and incorporated by

reference herein.

**41.**      Guardians has a statutory right to the records it requested in FOIA request No. BLM-

2016-00975.

**42.**      BLM unlawfully failed to make records "promptly available" to Guardians as required

under FOIA. 5 U.S.C. § 552(a)(6)(C). There is no legal basis for BLM to assert that any of

FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(1)-(9).

**43.**      Guardians is entitled to reasonable litigation costs, including attorneys' fees and costs

pursuant to FOIA, for these violations. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**UNLAWFUL WITHHOLDING**

**44.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**45.**     Guardians has a statutory right to the records it requested in the FOIA request Guardians submitted June 19, 2017.

**46.**     BLM unlawfully failed to make records "promptly available" to Guardians as required under FOIA. 5 U.S.C. § 552(a)(6)(C). There is no legal basis for BLM to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(1)-(9).

**47.**     Guardians is entitled to reasonable litigation costs, including attorneys' fees and costs pursuant to FOIA, for these violations. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

**48.**     Declare Defendant's failure to disclose the records Plaintiff requested unlawful under FOIA, 5 U.S.C. § 552(a)(3);

**49.**     Order Defendant in the form of injunctive relief to provide a determination on Plaintiff's FOIA requests immediately;

**50.**     Order Defendant in the form of injunctive relief to provide Plaintiff with all of the information sought in this action by a date certain;

**51.**     Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

**52.**     Grant any such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 8th day of September, 2017.

*/s/ John R. Mellgren*
John R. Mellgren (D. D.C. Bar # OR0002)
Western Environmental Law Center
1216 Lincoln Street

Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

*/s/ Shannon I. Laun*
Shannon I. Laun (WA Bar No. 52436)
(pro hac vice application pending)
Western Environmental Law Center
1402 Third Avenue, Suite 1022
Seattle, WA 98101
Ph: (206) 487-7225
laun@westernlaw.org

*Attorneys for Plaintiff WildEarth Guardians*

COMPLAINT                                    10